# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

THOMAS ALSTON,            *

       **Plaintiff,**         *

v.                             **Case No.: GJH-18-2529**

                            *

**AT&T SERVICES, INC.** *et al.,*

                            *

       **Defendants.**

                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Thomas Alston brought this civil action alleging that Defendants accessed his credit report without a permissible purpose in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). ECF No. 9. Pending before the Court is Defendant First Premier Bank's Renewed Motion to Dismiss or, in the alternative, Motion to Strike Plaintiff's Amended Complaint. ECF No. 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss or Strike Plaintiff's Amended Complaint will be denied.

## I.     BACKGROUND[1]

In June 2018, Plaintiff obtained his credit report from the credit reporting agency Equifax. ECF No. 9 ¶ 8. Upon inspecting the report, Plaintiff noticed several credit inquiries by various entities, including inquiries by Defendant First Premier in November and December 2017 for "promotional" purposes. *Id.* ¶ 15. Although Defendant First Premier obtained Plaintiff's

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 9, and are presumed to be true.

credit information in November and December 2017, Plaintiff did not receive any offer of credit from Defendant First Premier. *Id.* ¶ 17.

On September 14, 2018, Plaintiff contacted Defendant First Premier and spoke with a representative about why Defendant had accessed Plaintiff's credit report. *Id.* ¶ 18. According to Plaintiff, the representative advised him that Defendant had no legitimate reason to pull the credit report. *Id.* The representative told Plaintiff to dispute the "illegitimate" credit inquiry with Equifax. *Id.*

According to Plaintiff, the "invasion of privacy" resulting from First Premier's unauthorized access to his credit report caused Plaintiff "mental distress and emotional anguish." *Id.* ¶ 33.

## II.     STANDARD OF REVIEW

When deciding a motion for failure to state a claim under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). But to survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and conclusions" and "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also* 5 C. Wright & A, Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004). A

complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Although pleadings of self-represented litigants must be liberally construed, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), liberal construction does not give the court license to ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.    DISCUSSION

Section 1681b(f) prohibits persons, including corporations, from improperly obtaining or using credit reports. *See Ausherman v. Bank of Am. Corp.,* 352 F.3d 896, 900 n.3 (4th Cir. 2003). To state a claim pursuant to § 1681b(f), a plaintiff must plead sufficient facts to establish: "(1) there was a consumer report; (2) obtained or used by the defendant; (3) without a permissible purpose as defined in § 1681b(a)(1)–(6); and (4) the defendant acted with the specified mental state." *Alston v. Freedom Plus/Cross River*, No. CV TDC-17-0033, 2018 WL 770384, at *4 (D. Md. Feb. 7, 2018) (citing *Phillips v. Grendahl,* 312 F.3d 357, 364 (8th Cir. 2002) and *Bolden v. McCabe, Weisberg & Conway, LLC,* No. DKC-13-1265, 2013 WL 6909156, at *3 (D. Md. Dec. 31, 2013)). A plaintiff may recover actual damages for a negligent breach of the FCRA, *see* 15 U.S.C. § 1681o, and actual or statutory damages as well as punitive damages for a willful violation, s*ee* 15 U.S.C. § 1681n(a)(1)–(2).

Plaintiff has sufficiently alleged that there was a consumer report—specifically, his Equifax credit report was obtained by Defendant First Premier. ECF No. 9 ¶ 15. Defendant First Premier contends that Plaintiff has failed to allege sufficient facts to establish that it obtained

Plaintiff's credit report without a permissible purpose. ECF no. 11-1 at 6. The FCRA limits the conditions under which a consumer credit report may be released. § 1681. Relevant here, an entity may obtain a consumer's credit report without the consumer's consent and where the consumer has not initiated a credit transaction only if "the transaction consists of a firm offer of credit." § 1681b(c)(1)(B)(i). A "firm offer of credit or insurance" means "any offer of credit or insurance to a consumer that will be honored if the consumer is determined . . . to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l).

This provision allows a business to select various creditworthiness criteria and purchase a list of potential customers with qualifying creditworthiness from credit reporting agencies. *See, e.g., Kennedy v. Chase Manhattan Bank USA, N.A.,* 369 F.3d 833, 840–41 (5th Cir. 2004). The credit reporting agencies then release limited information about qualifying consumers, including their name and address but excluding specific credit report entries. *See* 15 U.S.C. § 1681b(c)(2). These "promotional inquiries" do not affect a consumer's credit score, and they appear only in reports disclosed to consumers, not in reports released to third parties. *See Miller v. Trans Union, LLC,* 644 Fed. Appx. 444, 447 (6th Cir. 2016) (citing 15 U.S.C. § 1681g); Fed. Trade Comm'n, *Prescreened Credit and Insurance Offers,* https://www.consumer.ftc.gov/ articles/0148-prescreened-credit-and-insurance-offers (Mar. 2011). To make a firm credit offer, "the companies purchasing these lists then send solicitations to the customers on the lists in the form of pre-approved offers of credit." *Alston v. Freedom Plus/Cross River*, No. CV TDC-17-0033, 2018 WL 770384, at *4 (D. Md. Feb. 7, 2018) (citing *Kennedy,* 369 F.3d at 841).

Plaintiff alleges that although Defendant First Premier obtained his credit report by purchasing his information for promotional purposes from Equifax, Plaintiff never received a firm offer of credit. Defendant's argument that Plaintiff has not sufficiently pled facts to support

this conclusion fails because Plaintiff specifically alleges that he did not receive an offer of credit

and that he spoke to a First Premier representative who advised him that the Defendant had not

obtained his credit report for a permissible purpose. ECF No. 9 ¶¶ 17–18. The First Premier

representative told Plaintiff that he should dispute the Defendant's impermissible credit inquiry

with Equifax. *Id.* ¶ 18. Drawing all reasonable inferences in Plaintiff's favor, this exchange

indicates that First Premier had no record of sending Plaintiff a firm credit offer after pulling his

credit report.

Defendant also asserts unsuccessfully that Plaintiff has failed to allege sufficient facts as

to the element that it acted willfully or negligently. Willfulness can be alleged generally, *see* Fed.

R. Civ. P. 9(b), but a plaintiff still must plead sufficient facts to support a plausible inference of

the alleged mental state. *See, e.g.,Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014);

*Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 58 (1st Cir. 2012). Here, Plaintiff

alleges that the Defendant represented to Equifax that it pulled Plaintiff's credit report for a

permissible "promotional" purpose. ECF No. 9 ¶¶ 15, 39. But Plaintiff also asserts that in his

conversation with a First Premier representative, the representative acknowledged that the

company did not have a legitimate reason to pull his credit report, meaning no credit offer was

ever made. *Id.* ¶ 18. At the motion to dismiss stage, "allegations of contradictory statements are

sufficient to support an inference" that a defendant "willfully accessed" a consumer's report

"without a permissible purpose." *Alston v. Freedom Plus/Cross River*, No. CV TDC-17-0033,

2018 WL 770384, at *4 (D. Md. Feb. 7, 2018). Thus, Plaintiff has sufficiently alleged that

Defendant willfully violated the FCRA.

Based on the same allegations relevant to willfulness, the Court finds that Alston has

properly alleged a negligent violation of § 1681b(f). And Defendant's argument that Plaintiff

failed to plead sufficient facts to support actual damages—a necessary element of an FCRA negligence claim, *see* 15 U.S.C. § 1681o(a)(1)—is without merit. Plaintiff's allegation of "mental distress and emotional anguish from the ongoing invasion of [his] privacy" is sufficient to state a claim for actual damages. *See Alston v. Freedom Plus/Cross River*, No. CV TDC-17-0033, 2018 WL 770384, at \*3, \*6 (D. Md. Feb. 7, 2018) (citing cases finding that invasion of privacy from unauthorized disclosure of a credit report can constitute actual damages). That being said, to prevail on this element at trial, Plaintiff will need to produce actual evidence of emotional distress such as medical treatment, physical symptoms, loss of income arising from such distress, or testimony about an adverse impact on the plaintiff's conduct and lifestyle. *Id.* (citing *Doe v. Chao*, 306 F.3d 170, 180-81 (4th Cir. 2002) and *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir. 2007)).

Defendant's argument that Plaintiff's allegations of emotional distress are implausible because the same invasion of privacy would have occurred had Defendant pulled his credit report for a permissible purpose is unconvincing. Through the FCRA's restrictions on disclosure of credit reports, Congress has protected against "*unauthorized* disclosures of information . . . long seen as injurious." *In re Horizon Healthcare Servs. Inc. Data Breach Litigation*, 846 F.3d 625, 638 (3d Cir. 2017) (emphasis added). While Plaintiff may still have experienced emotional distress even if Defendant had adhered to the FCRA's privacy requirements, such distress would not have been actionable. To be sure, many forms of actual harm do not trigger liability. An unauthorized disclosure does. Thus, Defendant cannot attack the legitimacy of Plaintiff's alleged harm simply by claiming that the harm would still have existed if Defendant had acted lawfully. In sum, Plaintiff has sufficiently alleged damages at the motion to dismiss stage in the form of emotional distress arising from an alleged invasion of privacy. Having found that Alston has

sufficiently pled each element of a § 1681b(f) claim, the only count in the Complaint, the Court will deny Defendant's Renewed Motion to Dismiss.

In the alternative, Defendant First Premier moves to strike Plaintiff's First Amended Complaint, arguing that it was untimely filed. ECF No. 11-1 at 9. However, Defendant calculated Plaintiff's deadline incorrectly, relying on Rule 6(a) instead of Rule 6(d). Rule 6(d) provides for a three-day extension of time when service is made by mail, as here. Defendant did not address this issue in its reply after Plaintiff called it to their attention, and the Court declines to strike Plaintiff's Amended Complaint, which was timely filed in accordance with Rule 6(d).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion to Dismiss or in the alternative Motion to Strike Plaintiff's First Amended Complaint is denied. A separate Order shall issue.


Date: <u>February 19, 2019</u>                   ___/s/_____
                                                GEORGE J. HAZEL
                                                United States District Judge