**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

THOMAS ALSTON,  \*

    Plaintiff,  \*

v.                                                   Case No.: GJH-18-2529

                                     \*

AT&T SERVICES, INC., *et al.*,

                                     \*

    Defendants.

                                     \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Thomas Alston brought this civil action alleging that Defendants AT&T Services, Inc., Credit One Bank NA, Great Plains National Bank ("Great Plains"), Milestone Distribution, Inc., and First Premier Bank ("First Premier") accessed his credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f). Pending before the Court are Plaintiff's Motion to Strike Defendant First Premier's Affirmative Defenses ("Motion to Strike"), ECF No. 23, and Plaintiff's Motion for Default against Defendant Great Plains, ECF No. 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Strike is granted and Plaintiff's Motion for Default is denied.

**I.    MOTION TO STRIKE**

    **A.  Relevant Background**

On March 5, 2019, Defendant First Premier filed an Answer to Plaintiff's First Amended Complaint ("Answer") listing twenty affirmative defenses. ECF No. 22 at 1–3.[1] On March 28,

---
[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

2019, Plaintiff filed a Motion to Strike all of those affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 23. First Premier responded on April 4, 2019, withdrawing seven of its defenses while reserving the right to re-plead them at a later date if discovery uncovers facts which make them applicable. ECF No. 26 at 6–7. First Premier otherwise opposed the Motion to Strike. ECF No. 26. Plaintiff filed a reply on May 6, 2019 indicating that he withdraws his Motion to Strike as to all but First Premier's Second (unclean hands), Eighth (doctrine of estoppel), Twelfth (doctrine of laches), and Sixteenth Defenses (statute of limitations).[2] ECF No. 27 at 3.

### B. Legal Standard

Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense." Such motions are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and … is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)). Therefore, a court should review such motions "in a light most favorable to the pleader" and, if granted, give the defendant leave to amend. *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, Case No. ELH–10–2091, 2011 WL 631145, at *14 (D. Md. Feb. 11, 2011) (internal citation omitted). In addition, courts "generally require the moving party to establish that the materials to be struck prejudice the moving party in some way." *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 705 (D. Md.) (citation omitted), *on reconsideration in part,* 977 F. Supp. 2d 544 (D. Md. 2013).

---

[2] The docket only contains the odd-numbered pages of Plaintiff's reply. The reply's conclusion makes clear, however, that Plaintiff only requests that the Court "grant [his] motion to strike the Defendant's affirmative defenses numbered 2, 8, 12 and 16." ECF No. 27 at 3.

### C. Discussion

Plaintiff has moved to strike four of First Premier's affirmative defenses, arguing that they fail to satisfy the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[3] *Twombly* and *Iqbal* addressed the level of factual specificity necessary to meet the requirement in Federal Rule of Civil Procedure 8(a)(2) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Twombly,* the Supreme Court held that the factual allegations in a complaint must be more than "labels and conclusions" and "be enough to raise a right to relief above the speculative level[.]" 550 U.S. at 555 (internal citation omitted). Two years later in *Iqbal*, the Court provided further guidance on this standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The Court held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plaintiff claims that First Premier's "assertion of boilerplate defenses creates needless work and effort for the Plaintiff" and may force him "to spend time and resources on discovery to determine whether there is any factual support for any of the defenses if they are left unchallenged at the pleading stage." ECF No. 23-1 at 1. In response, First Premier contends that the enhanced pleading standards for complaints developed in *Twombly* and *Iqbal* do not apply to affirmative defenses. ECF No. 26 at 2–3. It contends further that the challenged defenses are applicable to this case and do not unfairly prejudice Plaintiff. *Id.* at 4–5, 6.

---

[3] As noted above, First Premier withdrew seven of its affirmative defenses and Plaintiff now only moves to strike four of the remaining defenses. For clarity, the Court will refer to the numbering originally used by First Premier in its Answer.

Neither the Supreme Court nor the Fourth Circuit has ruled on whether *Twombly* and *Iqbal* apply to affirmative defenses. Although judges in this district have reached different conclusions, *see Alston v. Transunion*, Case No. GJH–16–491, 2017 WL 464369, at *2 (D. Md. Feb. 1, 2017) (comparing cases), the majority of judges in this district "ha[ve] held that the heightened pleading standard of *Twombly* and *Iqbal* applies to affirmative defenses," *Ultimate Outdoor Movies, LLC v. FunFlicks, LLC*, Case No. SAG–18–2315, 2019 WL 3323221, at *2 (D. Md. July 24, 2019). Thus, for the reasons stated by this Court in *Transunion*, 2017 WL 464369, at *2–3, the Court will apply the heightened *Twombly*/*Iqbal* pleading standard to Premier Bank's affirmative defenses.

First Premier's Second Defense (unclean hands), Eighth Defense (doctrine of estoppel), and Twelfth Defense (doctrine of laches) provide only a statement of the asserted defenses; they therefore "set forth bare legal conclusions, without factual bases." *Ulyssix Techs., Inc.*, 2011 WL 631145, at *16 (striking factually deficient affirmative defenses of unclean hands, estoppel, and laches under the *Twombly*/*Iqbal* standard). Thus, those defenses are stricken.

Premier Bank's Sixteenth Defense (statute of limitations), which again only provides a statement of the asserted defense, is similarly stricken because it "fails to reference the appropriate statute of limitations or the operative dates." *Ulyssix Techs., Inc.*, 2011 WL 631145, at *16 (striking factually deficient statute of limitations defense under the *Twombly*/*Iqbal* standard); *see also Transunion*, 2017 WL 464369, at *5 (same).

Premier Bank's Second, Eighth, Twelfth, and Sixteenth Defenses will be stricken from the Answer without prejudice and with leave to amend consistent with the pleading requirements under *Twombly* and *Iqbal*.

## II. MOTION FOR DEFAULT

Plaintiff has also moved for entry of default against Defendant Great Plains, claiming that Great Plains has been served and has failed to respond. ECF No. 28. Federal Rule of Civil Procedure 55(a) authorizes the clerk to enter a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Proper service is a prerequisite to entry of default. *See* Fed. R. Civ. P. 12(a)(1)(A) (requiring defendant to serve answer "within 21 days *after* being served with the summons and complaint" (emphasis added)); Fed. R. Civ. P. 55(a) (mandating that the clerk enter default against a party that has failed to plead); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008) (stating that "sufficient service of process is a prerequisite to entry of default" (citing *Petersen v. Carbon Cty.*, 156 F.3d 1244 (Table), Case No. 98–4010, 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998))).

A Return of Service, filed on May 7, 2019, indicates that "John Ranocchia" was served with a copy of the summons and complaint by certified mail on July 18, 2018. ECF No. 29-1. As stated in the Return Document Letter issued by the Court on May 7, 2019, however, the Return of Service does not indicate which Defendant was served or for which Defendant John Ranocchia may be a registered agent, and the Certified Mail Receipt is not attached to the Return of Service as is required to prove service. ECF No. 29. Thus, despite Plaintiff's assertions that Great Plains has been served and has failed to respond, the Court has no proof of proper service, and Plaintiff is therefore not currently entitled to a default against Great Plains.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is granted. First Premier's Second, Eighth, Twelfth, and Sixteenth Defenses are stricken, without prejudice, and with leave to amend.[4] Plaintiff's Motion for Default is denied. A separate Order shall issue.

Date: December   5, 2019                                  /s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge

---

[4] First Premier has withdrawn its Fourth, Fifth, Sixth, Ninth, Thirteenth, Fourteenth, and Eighteenth Defenses with leave to amend should it discover facts that make these defenses applicable to this action. First Premier's First, Third, Seventh, Tenth, Eleventh, Fifteenth, Seventeenth, Nineteenth, and Twentieth Defenses remain because Plaintiff has withdrawn any objection to those defenses.